IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)

| | |
|---|---|
| **BARRY HOBSON**<br>9623 Reiker Drive<br>Upper Marlboro, MD 20774<br><br>Plaintiff,<br><br>v.<br><br><br>**Local 689, Amalgamated Transit Union<br>AFL-CIO,**<br>2701 Whitney Place<br>Forestville, MD 20747<br><br>Defendant. | Case No.  ᴵ⌐  21CV2374.<br><br>**COMPLAINT<br>& JURY DEMAND** |

## Complaint

Plaintiff, BARRY HOBSON, pro se, files this Complaint against Defendant, Local 689, Amalgamated Transit Union, AFL-CIO, (an unincorporated association) pursuant to the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201 *et seq.,* the Maryland Wage and Hour Law (MWHL), MD. CODE ANN., §§ 3-401 *et seq.,* and the Maryland Wage Payment and Collections Law (MWPCL), MD. CODE ANN.,§§ 3-501 *et seq.,* and asserts the following:

### I.    Introduction

Plaintiff Hobson brings this suit in order to recover damages resulting from Defendant's failure to properly compensate him for the full amount of wages earned under the FLSA, the Maryland Wage and Hour Law, and the Maryland Wage Payment and Collections Law, referenced above.

## II.      PARTIES, JURISDICTION, AND VENUE

I.      Plaintiff Hobson is a resident of Upper Marlboro, Maryland, and previously worked for Defendant in Prince George's County at Defendant's Headquarters in Forestville, Maryland.

2.      Defendant is, and at all times relevant to this action has been, an unincorporated association residing within Prince George's County, within the jurisdiction of this district.

3.      This Court has subject matter jurisdiction over questions involving the interpretation of the FLSA pursuant to 28 U.S.C. § 1331.  This Court has jurisdiction over Plaintiff Hobson's MWHL and MWPCL claims pursuant 28 U.S.C. § 1367 because those state law claims arise from the same set of operative facts as the FLSA claim over which this Court has original jurisdiction.

4.      Venue is proper in this Court under 28 U.S.C. § 1391 because the events and omissions supporting this Complaint all occurred within this District and Defendant is subject to personal jurisdiction in this District

## III.    FACTS

5.      Defendant Local 689, Amalgamated Transit Union, AFL-CIO, engages in business commonly known as 'Labor Union' and has annual gross volumes of business in excess of $500,000.00

6.      Plaintiff Barry Hobson began working for Defendant as Executive Assistant to the Office of The President in November 2017 at an annual salary of $60,000. During Mr. Hobson's tenure, as Executive Assistant, he received pay increases under his previous

manager, Jackie Jeter, as a result of duty escalation, excessive work hours (to exceed 40 hours weekly) required of his position. These increases were both instant and amortized by written agreement between Mr. Hobson and Local 689.

7.   Mr. Hobson was awarded an instant pay increase of $10,000 in December 2018. This increase resulted in Mr. Hobson's pay increasing to $70,000.

8.   Mr. Hobson agreed to two subsequent increases of $5,000 annually via written contract. These increases were due to be implemented November 2019 and November 2020.

9.   By way of agreement, these increases could not be deemed void for any reason. These increases took stance to bring Mr. Hobson's salary, as Executive Assistant, to parity for other similarly situated employees in the market. Hobson and Local 689 agreed that his salary of $60,000 based on the advertised job and unbeknown duties were note comparable. Thus, the agreement.

10.   The sum of all increases agreed would have brought Mr. Hobson's salary to $80,000 for the role of Executive Assistant.

11.   In December 2018, Local 689's membership elected, Raymond Jackson as President. January 1, 2019, Raymond Jackson became Mr. Hobson's immediate supervisor and Manager.

12.   January 3, 2019, President Jackson called a staff meeting with his new staff. Barry Hobson and David Stephen coordinated the meeting and arranged for staff to meet.

13. During this staff meeting, President Raymond Jackson made public announcement of a promotion. Jackson announced his immediate promotion of Barry Hobson as Chief of Staff & Executive Assistant to The Office of The President.

14.  Mr. Hobson was to assume the role of Chief of Staff immediately. President Jackson publicly announced that the office's OPEIU Local 2 staff will immediately report to Mr. Hobson.

15.  Although Plaintiff Hobson had not previously served as Chief of Staff, President Jackson never noted pre-requisites for Hobson to hold the office of Chief of Staff.

16.  After promotion to Chief of Staff, Plaintiff Hobson attempted to engage Local 689 by way of President Raymond Jackson and Financial Secretary, Keith Bullock, about a promised salary increase for his new dual role. In the existence of Local 689' extensive contract negotiations and a historic union strike, Hobson's salary adjustment of his new role and responsibilities was delayed by Local 689.

17.  Plaintiff Hobson inquired over 17 months about his salary increase and official job action since he had begun the work of Chief of Staff in January 2019 in excess of 40 hours per week. Local 689 further delayed. During this time, Plaintiff Hobson's demand went way beyond 40 work hours each week often times more than 70 hours weekly.

18.  In July 2020, Plaintiff Hobson and ATU Local 689 agreed on a new salary of $90,000 for his new role assumed in January 2019. A personnel action was implemented increasing Hobson's salary from $75,000 to $90,000.

19.  Plaintiff Hobson inquired of 'retroactive pay' of his new salary to January 2019 since he undertook the role and duties at that time and his work hour in excess of 40 weekly. Local 689 refused to honor the wage despite Plaintiff Hobson's promotion, hours worked over 40 weekly, and assumption of duties immediately at the time his promotion announcement. The new duties do not meet exemptions under FLSA 29 CFR  § 54.

20.  When Plaintiff questioned the defendant over the 17 months, he was promised to get "every dime you were owed". Conveniently, upon execution of Hobson's personnel

4

action, the retro pay and any overtime was denied without cause despite Hobson's service offering and excessive hours worked in his role as Chief of Staff beginning January 2019.

21.  Plaintiff Hobson, despite Defendants contention, is not an employee exempt from the protections of the Federal Fair Labor Standards Act (FLSA), nor is he exempt from the protections of the state's Maryland Wage & Hour (MWHL) or the Maryland Wage Payment Collections Law (MWPCL). Consequently, Plaintiff was an employee of the Defendant who is owed an additional $29,556.51 for unpaid wages that defendant – upon proper demand- continues to refuse to pay.

22.  In additional to being owed such funds by the defendant, Plaintiff Hobson has incurred filing and service fees resulting to this filing and seeks to recover under this law.

## IV.    Causes of Action

## Count One – Violation of the FLSA

23.    Each of the preceding paragraphs are incorporated as if restated herein, and further Plaintiff Hobson asserts:

24.    Plaintiff was a Chief of Staff and Executive Assistant to The Office of The President is due compensation in excess of his pre-promotion salary of $70,000 annually to his agreed promotion rate of $90,000 annually in exchange for his increased duties and hours worked over 40 per week; a rate indicated by a mutually agreed personnel action dated and signed on September 8, 2020, by defendant, Local 689.

25.     Plaintiff worked a total of 437 business days and uncounted hours over 40 per week without compensation for work he performed as Chief of Staff in which he was entitled to be paid under the law. Plaintiff Hobson does not meet the required exemptions under 29 CFR  § 541 waiving any such protection under the FLSA.


25.     Due to Defendant's repeated notice of failure to pay the newly established rate or overtime for any and all hours worked over 40 per week in exchange for newly mandated and assigned employment services rendered in agreement of his promotion defendants have willfully violated the FLSA, 29 U.S.C. § 207 (a)(1).

**WHEREFORE,** Plaintiff Hobson respectfully requests that this Honorable Court enter an order of judgment, in his favor and against Defendant, granting to Plaintiff Hobson an amount, to be determined at trial, equal to the unpaid wages in exchange for time worked in his new role in excess of 40 hours weekly (or retroactive pay) as required under the FLSA; an additional amount equal to the unpaid wages required under the FLSA as liquidated damages; reasonable court fees and costs associated with bringing this action; and any additional relief this Honorable Court sees fit to award.

## Count II – Violation of MWHL

26.     Plaintiff Hobson incorporates and reasserts the preceding paragraphs as if each were fully state herein, and further alleges:

27.     Defendants were aware of Plaintiff's hours and duties, or should have been aware of this, and required him to work in excess of forty (40) hours per week each week after his January 3, 2019, promotion to Chief of Staff.

28.     Plaintiff Hobson was never paid his new rate of pay of $346.15 per day nor any overtime pay for hour worked in excess of 40 per week at any rate.

29.     Dependent's failure to pay Plaintiff Hobson at his new rate of $346.15 daily

nor an overtime rate of any kind was a willful and intentional violation of the MWHL,

Maryland Labor & Employment, MD. CODE ANN., §§3-401 et seq.

**WHEREFORE,** Plaintiff Hobson respectfully requests that this Honorable Court enter an order of judgment, in his favor and against Defendant, granting to Plaintiff Hobson an amount, to be determined at trial, equal to the wages required under the MWHL; an additional amount equal to the wage required under the MWHL as liquidated damages; reasonable attorney's fees and costs associated with bringing this action; and any additional relief this Honorable Court sees fit to award.

<u>**Count Three – Violation of the MWPCL**</u>

30.     Plaintiff Hobson incorporates and reasserts the preceding paragraphs as if each were fully state herein, and further alleges:

31.     Pursuant to the MWPCL, Defendant was required to pay Plaintiff Hobson all amounts owed to him for work performed on a regular basis.

32.     Defendant has failed and refused to pay Plaintiff Hobson at his new rate established via written agreement on September 8, 2021, or an overtime rate for the hours he worked in excess of 40 hours each workweek over the course of his disputed promotion time from January 2019 until July 2020.

33.     This wage-theft was done willfully in absence of a bono fide – legitimate – dispute.

**WHEREFORE,** Plaintiff Hobson respectfully requests that this Honorable Court enter an order of judgment, in his favor and against Defendant, granting to Plaintiff Hobson his retroactive wages or all overtime due as determined at trial; an additional amount raising his total damages to not more than three (3) times the amount of unpaid wages determined to be due; his reasonable court fees and costs associated with bringing

this action; and, any additional relief this Honorable Court sees fit to award.

Dated: September 16, 2021             Respectfully submitted,

Barry Hobson, Pro Se
9623 Reiker Drive
Upper Marlboro, MD 20774
Telephone: (202) 368-7269
Bchobson82@gmail.com

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF MARYLAND**
**(SOUTHERN DIVISION)**

| | |
|---|---|
| **BARRY HOBSON**<br>9623 Reiker Drive<br>Upper Marlboro, MD 20774<br><br>      Plaintiff,<br><br>v.<br><br><br>**Local 689, Amalgamated Transit Union**<br>**AFL-CIO,**<br>2701 Whitney Place<br>Forestville, MD 20747<br><br>      Defendant. | Case No.<br><br>**VERIFICATION** |

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

## VERIFICATION

I HEREBY CERTIFY under the penalties of perjury that the information contained in this Complaint is true and correct to the best of my knowledge, information, and belief.


_____
BARRY HOBSON
PLAINTIFF

9

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
(SOUTHERN DIVISION)**

| | |
|---|---|
| **BARRY HOBSON**<br>9623 Reiker Drive<br>Upper Marlboro, MD 20774<br><br>    Plaintiff,<br><br>v.<br><br><br>**Local 689, Amalgamated Transit Union<br>AFL-CIO,**<br>2701 Whitney Place<br>Forestville, MD 20747<br><br>    Defendant. | Case No.<br><br>**JURY TRIAL DEMAND** |

## JURY TRIAL DEMAND

Plaintiff respectfully requests request that he be provided a trial by jury with regard to the issues in this case.

Barry Hobson
Plaintiff