## UNITED STATES DISTRICT COURT
## DISTRICT OF MARYLAND

BARRY HOBSON,

     Plaintiff,

     v.

LOCAL 689, AMALGAMATED TRANSIT
UNION AFL-CIO,

     Defendant.

Civil Action No. TDC-21-2374

## MEMORANDUM OPINION

Self-represented Plaintiff Barry Hobson has filed suit against his former employer, Local 689, Amalgamated Transit Union, AFL-CIO ("Local 689") alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 201–19 (2018); the Maryland Wage and Hour Law ("MWHL"), Md. Code Ann., Lab. & Empl. §§ 3-401 to 3-431 (West 2016); and the Maryland Wage Payment and Collection Law ("MWPCL"), Md. Code Ann., Lab. & Empl. §§ 3-501 to 3-509; as well as a claim of unjust enrichment. Pending before the Court is Local 689's Motion to Dismiss. ECF No. 21. Having reviewed the briefs and submitted materials, the Court finds that no hearing is necessary. *See* D. Md. Local R. 105.6. For the reasons set forth below, the Motion will be GRANTED IN PART and DENIED IN PART.

## BACKGROUND

Hobson was hired by Local 689 as an Executive Assistant in November 2017. On January 3, 2019, Hobson was promoted to the position of Chief of Staff and Executive Assistant to the Office of the President, with the understanding that "by agreement effective January 3, 2019," he would receive a salary increase as compensation for his newly expanded job responsibilities. Am.

Compl. ¶ 59, ECF No. 18. Hobson alleges that throughout his employment at Local 689, he regularly worked in excess of 40 hours per work week without receiving overtime pay, and that he never received the salary increase promised in connection with his promotion to the Chief of Staff position.

Hobson filed the present action on September 16, 2021. In the presently operative Amended Complaint, Hobson alleges the following numbered counts: (1) a violation of the FLSA for unpaid overtime; (2) a violation of the MWHL for unpaid overtime and the failure to pay him at his higher rate of compensation; (3) a violation of the MWPCL for unpaid overtime and the failure to pay him at his higher rate of compensation; and (4) unjust enrichment.

## DISCUSSION

In its Motion, Local 689 seeks dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6) on the grounds that Hobson has failed to state plausible claims under the FLSA, MWHL, and MWPCL, or a claim for unjust enrichment, based on unpaid overtime and wages owed in connection with his promotion. Local 689 also argues that because the Amended Complaint fails to allege that the violation of the FLSA was "willful," the statute of limitations bars any claim for unpaid overtime earned more than two years before the filing of the Complaint. *See* 29 U.S.C. § 255(a).

## I.    Legal Standards

To defeat a motion to dismiss under Rule 12(b)(6), the complaint must allege enough facts to state a plausible claim for relief. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A claim is plausible when the facts pleaded allow "the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Legal conclusions or conclusory statements do not suffice. *Id.* A court must examine the complaint as a whole, consider the factual allegations

2

in the complaint as true, and construe the factual allegations in the light most favorable to the plaintiff. *Albright v. Oliver*, 510 U.S. 266, 268 (1994); *Lambeth v. Bd. of Comm'rs of Davidson Cnty.*, 407 F.3d 266, 268 (4th Cir. 2005). A self-represented party's complaint must be construed liberally. *Erickson v. Pardus,* 551 U.S. 89, 94 (2007). However, "liberal construction does not mean overlooking the pleading requirements under the Federal Rules of Civil Procedure." *Bing v. Brivo Sys., LLC*, 959 F.3d 605, 618 (4th Cir. 2020).

As relevant here, the FLSA and MWHL both require that an employer shall pay an overtime wage of at least "one and one-half times the regular rate" of pay for each hour over 40 hours that an employee works during "a workweek longer than forty hours." 29 U.S.C. § 207(a)(1); *see* Md. Code Ann., Lab. & Empl. §§ 3-415(a), 3-420(a). However, neither statute applies to individuals "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1); *see* Md. Code Ann., Lab. & Empl. § 3-403(1).

The MWPCL requires that "[e]ach employer shall pay an employee . . . all wages due for work that the employee performed," with the term "wage" including any bonus, commission, overtime wages, or "any other remuneration promised for service." Md. Code Ann., Lab & Empl. §§ 3-501, 3-505. Although Local 689 asserts that the MWPCL does not apply to claims for unpaid overtime wages, its argument is based on outdated case law and ignores controlling precedent of the Court of Appeals of Maryland, which eight years ago specifically interpreted the MWPCL as providing a cause of action for employees to seek unpaid overtime wages. *See Peters v. Early Healthcare Giver, Inc.*, 97 A.3d 621, 625-26 (Md. 2014).

## II.    Overtime Claims

Local 689 argues that (1) Hobson has failed to state plausible claims for unpaid overtime because his position was exempt from the overtime requirements of the FLSA and the MWHL;

3

and (2) even if he was subject to those requirements, the failure to plead a willful violation of the FLSA limits any claims to those for unpaid overtime accruing within two years of the filing of the Complaint.

## A. Exempt Status

First, Local 689 argues that Hobson's overtime pay claims fail because he was subject to the exemption for workers "employed in a bona fide executive, administrative, or professional capacity." 29 U.S.C. § 213(a)(1). In order to be subject to the exemption for a worker employed in an administrative capacity, an employee must be one (1) who was "[c]ompensated on a salary or fee basis . . . at a rate of not less than \$684 per week"; (2) "[w]hose primary duty is the performance of office or non-manual work directly related to the management or general business operations of the employer or the employer's customers"; and (3) "[w]hose primary duty includes the exercise of discretion and independent judgment with respect to matters of significance." 29 C.F.R. § 541.200 (2020); *see Darveau v. Detecon, Inc.*, 515 F.3d 334, 338 (4th Cir. 2008). Courts must look beyond the employee's job title and consider the employee's salary and duties to determine whether the exemption applies. *See* 29 C.F.R. § 541.2. Further, whether an employee's "primary duty" is exempt work "must be based on all the facts in a particular case, with the major emphasis on the character of the employee's job as a whole." 29 C.F.R. § 541.700(a). Factors to be considered include the "amount of time spent performing exempt work," though "[t]ime alone . . . is not the sole test," and there is no requirement that "exempt employees spend more than 50 percent of their time performing exempt work." 29 C.F.R. § 541.700(b).

"An employer bears the burden of proving that a particular employee's job falls within such an exemption," and the exemptions must "be narrowly construed against the employers seeking to assert them and their application limited to those establishments plainly and

unmistakably within [the exemptions'] terms and spirit." *Darveau*, 515 F.3d at 337-38 (quoting *Reich v. John Alden Life Ins. Co.*, 126 F.3d 1, 7 (1st Cir. 1997)). A motion to dismiss "does not generally invite an analysis of potential defenses to the claims asserted in the complaint," unless "the face of the complaint clearly reveals the existence of a meritorious affirmative defense." *E. Shore Markets, Inc. v. J.D. Assoc. Ltd. P'ship*, 213 F.3d 175, 185 (4th Cir. 2000). Accordingly, dismissal of an FLSA claim under Rule 12(b)(6) is "fact-intensive" and is appropriate "only where it is crystal clear" that an exemption applies. *McLaughlin v. Boston Harbor Cruise Lines, Inc.*, 419 F.3d 47, 52-53 (1st Cir. 2005).

Here, Local 689 asserts that Hobson was subject to the exemption for a worker employed in an administrative capacity. In the Amended Complaint, Hobson acknowledges that he had been treated as exempt by Local 689, but he alleges that he "was misclassified as an FLSA-Exempt employee for the purposes of not paying overtime," and that his "original employment contract notes no FLSA classification." Am. Compl. ¶ 7 & n.1. In support of his claim of misclassification, Hobson asserts that he "was not at all times entrusted with a primary duty which required the exercise of discretion and independent judgement with respect to matters of significance as required for overtime exception." *Id.* ¶ 51. He further alleges that "Local 689's operational structure does not support hired staff" such as himself "to make or use independent judgement in matters of significance. Power and authority rests with the elected union officers." *Id.* Among other job duties, Hobson was required "to answer phone calls and send emails." *Id.* ¶ 11. When the allegations are viewed in the light most favorable to Hobson, they support the inference that his Executive Assistant role was not exempt. Though Hobson also acknowledges that after his promotion, office staff reported to him, and that his duties included "finding a new vendor for the organization's Information Technology oversight," *id.* ¶¶ 14, 20, particularly where Hobson

continued in the Executive Assistant role, the Court cannot conclude as a matter of law that Hobson had as a "primary duty" the performance of exempt work. 29 C.F.R. § 541.700(a). Notably, the facts alleged in the Amended Complaint do not resolve key questions relevant to this issue, such as "the amount of time spent performing exempt work," Hobson's "relative freedom from direct supervision," and "the relationship between [Hobson]'s salary and the wages paid to other employees for the kind of nonexempt work performed by the employee." *Id.*

Because the allegations do not plainly establish that Hobson was an exempt employee, the Court cannot dismiss his claims on that basis at this stage. *See Shockley v. City of Newport News*, 997 F.2d 18, 28-29 (4th Cir. 1993) (holding that a Media Relations Sergeant with duties including "answering the phone, taking tips, and passing them on to the right department," "screening calls . . . responding to impromptu questions by the press, determining what information should be released to the press . . . and developing an ongoing news broadcast" was not subject to the FLSA's administrative capacity exemption). The Court will therefore deny the Motion as to Hobson's overtime claims.

## B.     FLSA Limitations Period

Local 689 also requests that the Court find at this early stage that a two-year statute of limitations applies to Hobson's FLSA claims and thus rule that on those claims, Hobson may recover only those unpaid wages dating back to September 16, 2019—two years prior to the filing of the original Complaint. Although the FLSA has a two-year statute of limitations, the limitations period is extended to three years if the defendant's violation is "willful." 29 U.S.C. § 255(a). In the Amended Complaint, Hobson alleges willfulness and thus claims unpaid overtime wages dating back three years, rather than two. *See* Am. Compl. ¶¶ 55, 59, 66. Local 689 argues that

6

Hobson's assertion of willfulness is insufficient for the extended statute of limitations to apply to his claims.

Because the statute of limitations is an affirmative defense, it is the defendant's burden—not the plaintiff's—to plead it. *See* Fed. R. Civ. P. 8(c) (stating that "[i]n responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including . . . [the] statute of limitations"); *Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 653 (4th Cir. 2006) ("[T]he statute of limitations is an affirmative defense, meaning that the defendant generally bears the burden of affirmatively pleading its existence."). The Court therefore finds no basis to dismiss any parts of Hobson's FLSA claims based on insufficient pleading of willfulness. *See Ford v. Karpathoes, Inc.*, No. ELH-14-0824, 2014 WL 6621997, at *9 (D. Md. Nov. 20, 2014) (denying, in a federal and state wage law case, the defendants' motion to dismiss on the basis of a failure to plead adequate facts as to willfulness "because the question of whether defendants' alleged violations were 'willful' is not an element of plaintiffs' claims" but rather an "anticipat[ion of] a limitations defense that defendants may raise").

Even if it were Hobson's burden to plead sufficient facts as to willfulness, he has done so. An employer's violation of the FLSA is willful if "the employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988). First, Hobson has generally alleged that Local 689 acted willfully in failing to pay him overtime. *See* Am. Compl. ¶¶ 55, 59, 66. "At the pleading stage, a plaintiff need not allege willfulness with specificity." *Rivera v. Peri & Sons Farms, Inc.*, 735 F.3d 892, 902-03 (9th Cir. 2013) (holding that plaintiffs had adequately pleaded willfulness where they alleged that the defendants' violations were "deliberate, intentional, and willful"); *cf.* Fed. R. Civ. P. 9(b) (stating that even under a heightened pleading standard, "conditions of a

7

person's mind may be alleged generally"). Second, Hobson specifically alleges that he "addressed [D]efendant about overtime pay following the organization's lengthy March 5, 2019 charter meeting," "complained of consistently working over 40 hours a week and not being compensate[d]," and "put Defendant on notice that the organization was in violation of the law" prior to filing his Complaint with this Court. Am. Compl. ¶¶ 22, 33. These allegations, taken as true, support the conclusion that Local 689 knew that Hobson was working overtime hours without overtime compensation that was required by law and thus support a reasonable inference that Local 689 was either knowingly or recklessly disregarding the requirements of the FLSA. The Court will therefore deny the Motion as to the claim that Hobson's FLSA claim must be limited to hours worked within two years of the filing of the original Complaint.

### III. Salary Adjustment

As for Hobson's claim for unpaid wages associated with his promotion, Local 689 first argues that Hobson has failed to allege a plausible violation of the FLSA or the MWHL because neither statute provides a cause of action for unpaid wages not constituting overtime pay or otherwise guarantees a non-overtime salary adjustment in conjunction with a promotion. The Court does not read the Amended Complaint as asserting an FLSA claim on this issue. However, to the extent that Hobson intended to assert such a claim, and as to the MWHL claim asserted on this basis, the Court agrees with Local 689 on this point. Where Hobson's alleged entitlement to regular wages owed in connection with his promotion does not implicate a claim for overtime wages, and where it is undisputed that Hobson was compensated in excess of the statutory minimum wage, there can be no violation of the FLSA or the MWHL. *See Monahan v. Cnty. of Chesterfield*, 95 F.3d 1263, 1280 (4th Cir. 1996) (finding no FLSA violation arising from a claim that the plaintiff was not paid for certain hours as required by an employment agreement because

8

there was no claim that the plaintiff did not receive overtime pay or was paid below the minimum wage); *see also Turner v. Human Genome Science, Inc.*, 292 F. Supp. 2d 738, 744 (D. Md. 2003) (holding that "[t]he requirements under the MWHL mirror those of the federal law; as such, Plaintiffs' claim under the MWHL stands or falls on the success of their claim under the FLSA").

However, Hobson's claim that he was not paid at a higher salary as promised by Local 689 is cognizable under the MWPCL, "the purpose of which is 'to provide a vehicle for employees to collect, and an incentive for employers to pay, back wages.'" *Cunningham v. Feinberg*, 107 A.3d 1194, 1202 (Md. 2015) (quoting *Battaglia v. Clinical Perfusionists, Inc.*, 658 A.2d 680, 686 (Md. 1995)). The MWPCL defines wages as "all compensation that is due to an employee for employment." Md. Code Ann., Lab. & Empl. § 3-501(c)(1). The definition includes "a bonus," "a commission," "a fringe benefit," "overtime wages," and "any other remuneration promised for service." *Id.* § 3-501(c)(2). Thus, under the MWPCL, "what is due an employee who terminates employment with an employer are wages for work performed before termination, or all compensation due to the employee as a result of employment including any remuneration, other than salary, that is promised in exchange for the employee's work." *Whiting-Turner Contracting Co. v. Fitzpatrick*, 783 A.2d 667, 671 (Md. 2001).

In the Amended Complaint, Hobson alleges that Local 689 promised to provide him with a "salary increase" in conjunction with his January 2019 promotion, but he "was never paid his new regular rate of pay." Am. Compl. ¶¶ 40-42, 47, 58. Specifically, Hobson asserts that on "January 3, 2019, Defendant announced the instant promotion of Plaintiff" and "promised verbally to address [Hobson's] newly increased salary . . . in the coming week," Am. Compl. ¶¶ 12-14; that "Defendant understood and agreed that [Hobson] expected a salary adjustment from the time of the initial discussion of promotion," *id.* ¶ 19; and that in October 2019, Local 689 "agreed to pay

9

Plaintiff all wages owed" as "compensation for work provided in which he had not been compensated as agreed," *id.* ¶ 27. Although Local 689 has attached to its Motion a document purporting to disclaim Hobson's entitlement to a retroactive wage increase, this document was not signed by Hobson. Taking the allegations in the Amended Complaint as true, where Hobson has alleged that he was promised an increase in salary as compensation for his new duties when he accepted the Chief of Staff position, "by agreement effective January 3, 2019," *id.* ¶ 58, and that Local 689 refused to pay him at the promised rate despite his continued performance, such an adjustment in salary could fairly construed to be "remuneration promised for service" and thus constitute "wages" recoverable under the MWPCL. Md. Code Ann., Lab. & Empl. § 3-501(c)(2); *see Marshall v. Safeway*, 88 A.3d 735, 746 (Md. 2014) (holding that the MWPCL provides an employee with a cause of action against an employer for both the failure to pay wages on time and for "the refusal of employers to pay wages lawfully due"). Accordingly, the Court will deny the Motion as to Hobson's MWPCL claim for unpaid wages promised through a salary adjustment based on his promotion.

## IV.    Unjust Enrichment

In Count 4 of the Amended Complaint, Hobson alleges a common law claim for unjust enrichment. According to Hobson, Local 689 was unjustly enriched because it received a benefit from work performed by Hobson while failing to compensate him "at either his correct regular rate" or at "an overtime premium rate for hours worked over 40 in a workweek." Am. Compl. ¶¶ 68, 70. Local 689 argues that Hobson's unjust enrichment claim should be dismissed because it "is predicated entirely on a finding that the Defendant violated the FLSA, MWHL or MWPCL," and because "Hobson failed to state a claim" under any of those statutes, the unjust enrichment claim necessarily must also be dismissed. Mot. Dismiss at 6 n.1. Because the Court has denied

10

the Motion as to certain FLSA, MWHL, and MWPCL claims, this argument fails. The Court notes that an unjust enrichment claim relating to the unpaid overtime claims likely cannot succeed because the United States Court of Appeals for the Fourth Circuit has recognized that "Congress prescribed exclusive remedies in the FLSA for violations of its mandates," such that state common law claims based on a violation of overtime pay requirements are preempted if they "depend on establishing that [the defendant] violated the FLSA" and "essentially require the same proof as claims asserted under the FLSA itself." *Anderson v. Sara Lee Corp.*, 508 F.3d 181, 193-94 (4th Cir. 2007). However, there is no bar to an unjust enrichment claim relating to the claim of a failure to pay wages based on a promised wage increase, particularly as an alternative theory in the event that the evidence does not establish a violation of the MWPCL. *See* Fed. R. Civ. P. 8(d)(2) (stating that a claim for relief may include "alternative statements of a claim"); *Swedish Civil Aviation Admin. v. Project Mgmt. Enterprises, Inc.*, 190 F. Supp. 2d 785, 792 (D. Md. 2002) (in considering a quasi-contract claim for unjust enrichment, holding that "although [plaintiff] may not recover under both contract and quasi-contract theories, it is not barred from pleading these theories in the alternative where the existence of a contract concerning the subject matter is in dispute"). Accordingly, the Motion will be denied as to Count 4.

## CONCLUSION

For the foregoing reasons, Local 689's Motion to Dismiss, ECF No. 21, is GRANTED IN PART and DENIED IN PART. The Motion is granted as to the claim in Count 2 under the MWHL for unpaid salary based on Hobson's promotion. The Motion is otherwise denied. A separate Order shall issue.

Date: August 1, 2022

THEODORE D. CHUANG
United States District Judge

11